# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stanley M.,**
**Petitioner Below, Petitioner**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0978** (Harrison County 13-C-502-1)

**Patrick A. Mirandy, Warden,**
**Saint Marys Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Stanley M., by counsel Sam H. Harrold III, appeals the Circuit Court of Harrison County's August 9, 2016, order denying his petition for writ of habeas corpus.[1]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Additionally, Petitioner originally listed David Ballard, Warden of Mt. Olive Correctional Complex, as respondent in this matter. However, petitioner is no longer housed at Mt. Olive Correctional Complex and is, instead, housed at Saint Marys Correctional Center. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the correct public officer has been substituted as respondent in this action.

Finally, petitioner's counsel filed a brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

(continued . . . )

Respondent Patrick A. Mirandy, Warden, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in finding that counsel's failure to file an appeal of his first petition for writ of habeas corpus did not amount to ineffective assistance of counsel and that this first petition operated as a procedural bar to the contentions raised in petitioner's instant petition for writ of habeas corpus.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2008, petitioner was indicted on nine sex crimes. Following petitioner's entry into a plea agreement with the State concerning certain counts contained within the indictment and his trial on the remaining counts, petitioner was ultimately convicted of two counts of first-degree sexual abuse and one count of first-degree sexual assault. Petitioner was sentenced, and he thereafter filed a direct appeal to this Court. By order entered on May 5, 2010, this Court refused petitioner's direct appeal.

On October 7, 2010, petitioner filed his first habeas petition. In petitioner's first petition and *Losh* checklist, and with the assistance of appointed counsel, he raised the grounds of prejudicial pretrial publicity, suppression of helpful evidence by the prosecutor, the State's knowing use of perjured testimony, ineffective assistance of counsel, failure to provide a copy of the indictment, refusal to subpoena witnesses, prejudicial statements by the prosecutor, sufficiency of the evidence, severer sentence than expected, excessive sentence, and mistaken advice of counsel as to parole or probation eligibility.[2] Petitioner waived numerous other grounds listed on the *Losh* checklist. Of specific relevance to the instant appeal is petitioner's waiver of the following grounds: mental competency at the time of the crime, consecutive sentences for the same transaction, unfulfilled plea bargain, double jeopardy, no preliminary hearing, challenges to the composition of the grand jury or its procedures, defects in the indictment, pre-indictment delay, constitutional errors in evidentiary rulings, and instructions to the jury. Following an omnibus hearing, the circuit court denied petitioner's first petition by order entered on October 31, 2012. Petitioner did not appeal this order.

On November 19, 2013, petitioner filed his second petition raising the grounds of ineffective assistance of habeas counsel, failure of habeas counsel to take an appeal, and excessive sentence. Petitioner subsequently filed an amended second petition and *Losh* checklist

Per this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner was directed to file a supplemental brief on or before January 30, 2017. Petitioner, however, did not file a supplemental brief.

[2]*Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (setting forth a list of possible grounds a habeas petitioner's counsel should discuss with his or her client).

2

raising mental competency at the time of the crime, consecutive sentences for the same transaction, suppression of helpful evidence by the prosecutor, unfulfilled plea bargains, ineffective assistance of counsel, double jeopardy, no preliminary hearing, challenges to the composition of the grand jury or its procedures, defects in the indictment, pre-indictment delay, refusal to subpoena witnesses, constitutional errors in evidentiary rulings, instructions to the jury, sufficiency of the evidence, severer sentence than expected, and excessive sentence.

On April 13, 2015, the parties appeared for an omnibus hearing on petitioner's second petition. By order entered on August 9, 2016, the circuit court denied petitioner's second petition. The circuit court found that, due to its consideration of and omnibus hearing on petitioner's first petition, the doctrines of waiver and res judicata barred all of petitioner's claims in his second petition except for his ineffective assistance of habeas counsel claim. As to that claim, the circuit court found no ineffective assistance. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that the circuit court erred in determining that his habeas counsel during his first proceeding did not render ineffective assistance by failing to file an appeal. Petitioner conclusorily states that this failure was "objectively unreasonable in that a reasonably-qualified defense attorney would have done so and that, had his defense counsel in the first habeas proceeding taken the appeal, the outcome would have been different." Petitioner also asserts that, "because he was provided ineffective assistance of counsel as asserted above, he could not knowingly waive the grounds for relief asserted herein" and that the circuit court's order concerning these waived grounds was inadequate. Finally, petitioner argues that "due to the ineffective assistance of habeas counsel in failing to file an appeal in the underlying matter, the [c]ourt committed reversible error in determining he was barred from [re]asserting [the grounds raised in his first petition] based on the doctrine of *res judicata*." Thus, petitioner's assignments of error all concern the alleged ineffective assistance of counsel in failing to file an appeal of the order denying his first petition.

We review ineffective assistance of counsel claims as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance

3

was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Furthermore,

[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6.

In considering petitioner's claim that his counsel for his first petition rendered ineffective assistance for failing to file an appeal, the circuit court noted that petitioner's counsel informed petitioner that he "could find no legitimate grounds on which to appeal the denial of [his] first petition." The circuit court nonetheless appointed petitioner a second attorney for the purposes of appealing the denial of his first petition. This second attorney did not file an appeal, but petitioner "failed to adduce any evidence on the issue of habeas counsel's failure to take an appeal." Here, too, petitioner has failed to meet his burden of establishing error. Petitioner does not set forth the bases on which he would have appealed the denial of his first petition, nor does he argue how the proceedings would have been different had he succeeded on any of those grounds. Petitioner has asserted only "skeletal argument[s]" that are nothing more than assertions of error, which do not preserve claims. *State v. Myers*, 229 W.Va. 238, 246, 728 S.E.2d 122, 130 (2012). We have also previously held that

[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*Id.* at 241, 728 S.E.2d at 125, Syl. Pt. 4, in part (internal quotations and citations omitted). Because petitioner has failed to establish any error, we find no abuse of discretion in the circuit court's denial of petitioner's second petition on this ground.

We also find no merit to petitioner's argument that counsel's alleged ineffective assistance in failing to file an appeal permeated counsel's representation of petitioner such that petitioner's waiver of grounds during the proceedings on his first petition was ineffective or that the presentation of the asserted grounds did not bar relitigation of those grounds. Aside from the failure to file an appeal, petitioner does not identify any deficiencies in his habeas counsel's representation. Of course, without identifying alleged deficiencies, petitioner has also failed to demonstrate that the result of the proceedings would have been different had any deficiencies not occurred. It is well-settled that "[a] prior omnibus habeas corpus hearing is res judicata as to all

4

matters raised as to all matters known or which with reasonable diligence could have been known[.]" Syl. Pt. 4, in part, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608. Further, where "waiver is conclusively demonstrated on the record at trial or at a subsequent omnibus habeas corpus hearing, the waiver makes any issues concerning the right waived res judicata in succeeding actions in habeas corpus." *Id.* at 762, 277 S.E.2d at 608, Syl. Pt. 3, in part. Petitioner's second petition attempts to raise waived grounds and relitigate previously-considered grounds. However,

> [o]ur post-conviction habeas corpus statute, W.Va. Code § 53-4A-1 *et seq.* . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with reasonable diligence, discover.

Syl. Pt. 1, *Gibson v. Dale*, 173 W.Va. 681, 319 S.E.2d 806 (1984). Petitioner was afforded a prior habeas corpus proceeding, and he has offered no law or analysis to support his contention that this Court should deviate from these long-held rules. Accordingly, we find no error in the circuit court's dismissal of petitioner's second petition.

For the foregoing reasons, we affirm the circuit court's August 9, 2016, order denying petitioner's second petition for writ of habeas corpus.

Affirmed.

**ISSUED:** January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker